EILEEN M. DECKER
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
General Crimes Section
     1400/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3779/4849
     Facsimile: (213) 894-0141
     E-mail:    eddie.jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-0131(A)-JFW |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION REGARDING *JOHNSON V. UNITED STATES* |
| v. | |
| TEOFIL BRANK, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kimberly D. Jaimez and Eddie A. Jauregui, hereby files its position regarding the Supreme Court's decision in Johnson v. United States, 576 U.S. --- (2015).

As explained in the attached memorandum of points and authorities, Johnson does not disturb this Court's rationale for concluding that attempted extortion under the Hobbs Act, 18 U.S.C. § 1951, is a "crime of violence" under 18 U.S.C. § 924(c)(3)(B).

Accordingly, Johnson provides no occasion to revisit this Court's order denying defendant's motion to dismiss count seven of the First Superseding Indictment.

Dated: June 30, 2015              Respectfully submitted,

                                  EILEEN M. DECKER
                                  United States Attorney

                                  ROBERT E. DUGDALE
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                        /s/
                                  _____
                                  EDDIE A. JAUREGUI
                                  KIMBERLY D. JAIMEZ
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Introduction**

In an order dated June 18, 2015, this Court held that attempted extortion by wrongful use of fear under 18 U.S.C. § 1951 is a "crime of violence" as defined in 18 U.S.C. § 924(c)(3)(B) and, thus, denied defendant's motion to dismiss count seven of the First Superseding Indictment ("FSI"). (Dkt. 187.) Because of a lack of case law directly addressing this question, the Court looked to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), for guidance, as well as cases interpreting it. The Court focused primarily on the fact that extortion was an enumerated offense constituting a "violent felony" under ACCA and found it instructive as to whether extortion is also a "crime of violence" under Section 924(c). (See Dkt. 187, at 4-5.) After concluding that extortion is a crime a violence under Section 924(c), the Court went on to find that <u>attempted</u> extortion is also a "crime of violence" under that provision, noting that attempted extortion may pose an even greater risk of violence than the completed offense. (Dkt. 187, at 6.)

On June 26, 2015, the Supreme Court held that the "residual clause" of ACCA was impermissibly vague, and thus unenforceable.[1] See <u>Johnson v. United States</u>, 576 U.S. ---, 2015 WL 2473450 (June 26, 2015). In so doing, the Supreme Court overruled its prior holding in <u>James v. United States</u>, 550 U.S. 192 (2007), that ACCA's residual clause was not vague. See <u>Johnson</u>, 2015 WL 2473450, at *11. This

---

[1] The "residual clause" refers to that part of 18 U.S.C. § 924(e)(2)(B) that defines a "violent felony" as any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." See <u>United States v. Johnson</u>, 576 U.S. ---, 2015 WL 2473450, at *3 (June 26, 2015).

decision by the Supreme Court is significant and will undoubtedly impact a large number of cases at sentencing. But neither the holding in Johnson, nor the Supreme Court's overruling of James, should change this Court's decision denying defendant's motion to dismiss count seven of the FSI. Extortion was a violent felony before Johnson, and it remains so today. Id. ("Today's decision does not call into question application of the Act to the four enumerated offenses . . . ."). Similarly, the Sentencing Commission's determination that attempt crimes can be just as dangerous as completed offenses — which provided the logic underlying James's holding regarding attempted burglary — still holds true after Johnson. The residual clause may be vague, but attempted extortion is no less dangerous (and indeed is perhaps more dangerous) than completed extortion. The foundations for the Court's June 18, 2015, order denying defendant's motion to dismiss count seven of the FSI remain intact, despite Johnson's holding regarding the residual clause.

**II.   The Supreme Court's Decision in Johnson v. United States**

The Supreme Court held in Johnson that two features of the residual clause "conspire[d] to make it unconstitutionally vague." Id., 2015 WL 2473450, at *5. First, the residual clause required judges to assess the risk posed by a crime against a "judicially imagined 'ordinary case' of a crime,'" and not against "real world facts or statutory elements." Id. And second, the residual clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." Id. The Supreme Court found that, taken together, these two "indeterminac[ies]" "produce[d] more unpredictability and arbitrariness than the Due Process Clause

tolerates" and therefore invalidated the residual clause. Id. In particular, the Court found the residual clause was made impermissibly vague because of "a confusing list of examples" — namely, the enumerated offenses against which potentially unrelated offenses were to be measured. Id. at *8. Thus, the Court found it could not reasonably compare the risk of violence entailed by possession of a sawed-off shotgun to the risk entailed by extortion. Id. at *7-8.

Notably, however, the Johnson Court concluded its opinion by emphasizing that the decision did "not call into question application of [ACCA] to the four enumerated offenses," including extortion, "or the remainder of the Act's definition of a violent felony." Id. at *11. Similarly, the Court explained that it did not doubt the constitutionality of other criminal statutes that used terms like "substantial risk" (as does 18 U.S.C. § 924(c)(3)(B)), as those statutes generally require "gauging the riskiness of conduct in which an individual defendant engages on a particular occasion," or by reference to real-world conduct. Id. at *8 (emphasis in original). And unlike the residual clause, these provisions do not require courts to compare "an idealized ordinary case of a crime" against specifically enumerated offenses.

### III. Johnson Does Not Undermine this Court's Ruling on Defendant's Motion to Dismiss

As noted above, in determining whether extortion is a crime of violence under Section 924(c)(3)(B), this Court found instructive the fact that Congress had specifically determined that extortion was a "violent felony" under ACCA. (See Dkt. 187, at 5 ("Thus, given that Congress expressly enumerated extortion as a crime that involves

3

conduct that presents a serious potential risk of physical injury to another under 18 U.S.C. § 924(e)(2)(B), the Court concludes that extortion is also a crime that 'by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense' under 18 U.S.C. § 924(c)(3)(B).")). That remains unchanged. Johnson, 2015 WL 2473450, at *11 ("Today's decision does not call into question application of the Act to the four enumerated offenses . . . .").

The only question, then, is whether this Court's reasoning that attempted extortion also qualifies as a crime of violence is impacted by Johnson. The government submits that it is not.

In determining that attempted extortion is a crime of violence, this Court reasoned that:

> The main risk of extortion by wrongful use of fear (or by nonviolent threat) arises from the possibility of a face-to-face confrontation between the extortionist and the victim or another third party. Attempted extortion poses the same kind of risk, and may even pose a greater risk than completed extortion. Indeed, violence may be more likely to arise in an attempted extortion where the extortionist does not actually obtain the property he seeks or when the [extortion] attempt is "thwarted by some outside intervenor."

(Dkt. 187, at 6 (quoting James, 550 U.S. at 204)). The Court further noted that, like the Supreme Court in James, it viewed the United States Sentencing Commission's determination that "attempt offenses often pose a similar risk of injury as completed offenses as further evidence that a crime such as attempted extortion poses a risk of violence similar to that presented by the completed offense." (Id. at 7.) Importantly, no part of the Court's reasoning as to attempted extortion hinged on ACCA's residual clause, but instead rested on logic

4

and evidence wholly independent of that clause. (Dkt. 187, at 6-7.) And although the Court cited James, it did not rely on James's analysis of the residual clause or its holding that the residual clause was not unconstitutionally vague.

Finally, the government notes that the Supreme Court in Johnson went out of its way to emphasize that laws using terms like "substantial risk" (like Section 924(c)(3)(B)) are not in constitutional jeopardy. Johnson, 2015 WL 2473450, at *8. Unlike the residual clause, Section 924(c)(3)(B) does not require courts to assess the risk that force will be used against a "confusing list of examples"; nor does it require courts to go "beyond evaluating the chances that physical acts that make up the crime will injure someone" and even to evaluate the potential for injury "after" the offense elements have been carried out. Id. at *4, 8. Rather, Section 924(c)(3)(B) requires courts to determine whether a crime, by its nature, involves a substantial risk that physical force will be used "in the course of committing the offense." Lastly, Johnson emphasized that the residual clause has generated pervasive confusion in Supreme Court itself, as well as in lower courts. Id. at * 10. Section 924(c)(3)(B) has not generated comparable confusion.[2]

## IV. Conclusion

For all of the foregoing reasons, Johnson does not impact this Court's decision and order denying defendant's motion to dismiss

---

[2] The government notes that it has not received an official position from the Department of Justice, Criminal Division, as to the effect of Johnson on 18 U.S.C. § 924(c)(3)(B).

1 | count seven of the First Superseding Indictment.  Accordingly, the
2 | Court's order should stand.