EILEEN M. DECKER
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4849
    Facsimile: (213) 894-0141
    E-mail:    eddie.jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 15-131(A)-JFW |
|---|---|
| Plaintiff, | STIPULATED REQUEST FOR PROTECTIVE ORDER RE: WITNESS INFORMATION |
| v. | |
| TEOFIL BRANK, aka "Jarec Wentworth," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kimberly Jaimez and Eddie Jauregui, and defendant TEOFIL BRANK, also known as "Jarec Wentworth" ("defendant"), by and through his counsel of record, Deputy Federal Public Defenders Ashfaq Chowdry and Seema Ahmad, hereby stipulate, agree, and request that the Court issue a Protective Order in this case restricting the use and dissemination of information regarding witnesses and other parties pursuant to

Federal Rule of Criminal Procedure Rule 16(d)(1). The grounds for this stipulation and request are as follows:

1. The First Superseding Indictment in this case was filed on May 1, 2015. Defendant is charged with violations of 18 U.S.C. §§ 875(d): Transmitting Threatening Communications with Intent to Extort; 1951(a): Extortion and Attempted Extortion Affecting Interstate Commerce by Nonviolent Threat; 880: Receiving Proceeds of Extortion; 1952(a)(3): Use of an Interstate Facility to Facilitate an Unlawful Activity; and 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Crime of Violence.[1]

2. The discovery in this case includes a large volume of discovery containing the names and other identifying information of numerous third parties, both witnesses and non-witnesses, including personal identifying information, financial information, and obscene material, including photographs, that is part of discovery that is too voluminous to redact. The disclosure of such information must be limited and protected in order to protect the third parties' safety and privacy.

3. In order to facilitate production of discovery to defense counsel, by this stipulation, the parties agree that data containing such references will be disclosed to counsel pursuant to the requested Protective Order that mandates the following:

   a. For purposes of this Order, the term "defense team" refers to counsel of record for defendant, and the defense investigator, paralegal and legal assistant assisting defense

---

[1] On July 6, 2015, the Court dismissed Count Seven of the First Superseding Indictment, which charged defendant with possessing a firearm in furtherance of a crime of violence.

counsel of record who have read the Protective Order and agreed to be bound by its terms.  For purposes of this Order, the term "defense team" does not include defendant.

   b. The government is authorized to provide counsel of record with documents pursuant to its agreement to disclose information marked with the following: "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER.  UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT." ("PROTECTED INFORMATION").

   c. Upon receipt of materials designated subject to protective order, counsel of record will ensure that every member of the defense team who is provided access to such PROTECTED INFORMATION first has reviewed the terms of the Protective Order and has agreed to be bound by its terms.

   d. An individual subject to the protective order shall not permit anyone who is not a member of his or her respective defense team to retain in their possession any PROTECTED INFORMATION.

   e. An individual subject to the protective order shall not show PROTECTED INFORMATION to anyone other than other members of the defense team who have agreed to be bound by the protective order, or the identified victim-witnesses in the PROTECTED INFORMATION.

   f. An individual subject to the protective order shall not divulge the contents of any PROTECTED INFORMATION to anyone other than members of the defense team and the defendant.

   g. An individual subject to the protective order shall not permit PROTECTED INFORMATION to be outside of the defense team's offices, homes, vehicles, or personal presence.

    h. To the extent that notes are made that memorialize, in whole or in part, the contents of PROTECTED INFORMATION, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become PROTECTED INFORMATION and must be handled in accordance with the terms of this agreement.

    i. In the event that a party needs to file PROTECTED INFORMATION with the court or divulge the contents of such materials in court filings, the filing should be made under seal.

    j. In particular, defense counsel is specifically prohibited from producing copies of PROTECTED INFORMATION to the defendant in this matter and the defendant shall not review PROTECTED INFORMATION except in the presence of defense counsel, with the defendant retaining no copies of such information.

    k. Undersigned counsel shall return all materials designated subject to protective order to the government upon the conclusion of the litigation in this matter.  Litigation of this matter includes any appeal filed by the defendant, and any motion filed by the defendant pursuant to 28 U.S.C. § 2255.  If defendant does not file a motion pursuant to 28 U.S.C. § 2255, and the deadline for filing such a motion has expired, the defense team shall return the discovery at that time.

    l. In the event that there is a substitution of counsel prior to when such documents must be returned, new counsel must join this protective order before any PROTECTED INFORMATION may be transferred from undersigned counsel to new counsel, who then will become the custodian of all PROTECTED INFORMATION and who shall then become responsible for returning all PROTECTED INFORMATION to the

4

government upon the conclusion of appellate and post-conviction proceedings.

      m.   The parties stipulate that this order applies to the discovery that was produced to defense counsel on July 1, 2015, consisting of the data obtained from the cell phone of witness J.G.

IT IS SO STIPULATED.

```
                                    EILEEN M. DECKER
                                    United States Attorney

                                    ROBERT E. DUGDALE
                                    Assistant United States Attorney
                                    Chief, Criminal Division

DATE: July 8, 2015                         /s/
                                    EDDIE A. JAUREGUI
                                    KIMBERLY D. JAIMEZ
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA


DATE: July 8, 2015                  /s/ with e-mail authorization from
                                    Seema Ahmad, DFPD, July 8,
                                    2015
                                    SEEMA AHMAD
                                    ASHFAQ CHOWDHURY
                                    Attorneys for Defendant
                                    TEOFIL BRANK
```