EILEEN M. DECKER
United States Attorney
LAWRENCE MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3779
    Facsimile: (213) 894-0141
    E-mail:    kimberly.jaimez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>TEOFIL BRANK,<br>  aka "Jarec Wentworth,"<br>  aka "@JarecWentworth,"<br><br>        Defendant. | CR No. 15-131(A)-JFW<br><br>SUPPLEMENT TO GOVERNMENT'S SENTENCING POSITION<br><br>Hearing Date: October 26, 2015<br>Hearing Time: 9:00 a.m.<br>Location:     Courtroom of the<br>              Hon. John F. Walter |
|---|---|

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kimberly D. Jaimez and Eddie A. Jauregui, hereby files this supplement to its sentencing position as to defendant Teofil Brank.

//

//

The government's supplemental position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 22, 2015                Respectfully submitted,

                                       EILEEN M. DECKER
                                       United States Attorney

                                       LAWRENCE MIDDLETON
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                              /s/
                                       KIMBERLY D. JAIMEZ
                                       EDDIE A. JAUREGUI
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION & FACTUAL BACKGROUND**

This case stems from defendant's extortion and attempted extortion of D.B. for over $1.5 million in cash and personal property, in violation of 18 U.S.C. §§ 875(d), 880, 1951(a), and 1952, as alleged in the indictment (Dkt. 10). On July 9, 2015, a jury convicted defendant. Sentencing is scheduled for October 26, 2015.

On October 9, 2015, the government filed a sentencing position concurring with the criminal history calculation in the Presentence Report ("PSR") and recommending a mid-range guidelines sentence of 80 months' imprisonment (Dkt. 326.)[1]

On October 14, 2015, defendant filed his sentencing position under seal (Dkt. 330) and claimed, among other things, that defendant is a U.S. citizen "by operation of law." Specifically, defendant claimed that an immigration specialist at the Federal Public Defender's Office concluded that defendant acquired automatic citizenship under the Child Citizenship Action of 2000 and is in the process of submitting an "N-600" form to the U.S. Citizenship and Immigration Services ("USCIS"). On this basis defendant objects to the PSR's assertion that defendant is a "citizen of another country"

---

[1] The government wishes to correct a citation error in its initial sentencing memorandum. In the government's initial Sentencing Memorandum, the government noted that defendant falsely accused the victim, D.B., of sexual contact with minors and cited to docket number 61 in support of that statement. (See Gov't's Sentencing Mem. at 5-6.) Upon further review, that citation is incorrect as docket number 61 did not address such allegations. Defendant's allegations concerning D.B. and minors were raised at various points in the pre-trial litigation, and the FBI eventually cleared the victim of these allegations as evidenced in the reports submitted to this Court for in camera review on May 6, 2015 (Dkt. 77.)

and claims that defendant should be afforded benefits reserved for United States citizens when committed to Bureau of Prison's custody. (Def. Pos., 4.)

No decision has been obtained regarding defendant's N-600 form. An order of removal has not been issued. Defendant has not sought declaratory relief with respect to his alleged citizenship.

## II. ARGUMENT: DEFENDANT'S NATIONALITY CLAIMS ARE NOT PROPERLY BEFORE THIS COURT

The question of defendant's nationality is not properly before this sentencing court.[2] The Court of Appeals for the Ninth Circuit has jurisdiction to ultimately determine nationality claims properly in dispute, and may only refer nationality claims to the district court for a hearing on such claims where there are genuine issues of material facts before the court. See 8 U.S.C. § 1252(b)(5); Ayala-Villanueva v. Holder, 572 F.3d 736, 738 (9th Cir. 2009) (holding that the Court of Appeals has jurisdiction over nationality claims pursuant to 8 U.S.C. § 1252(b)(5) in an appeal of a removal order). Typically, nationality claims are raised in the context of an order of removal. Ayala-Villanueva, at 736. Alternatively, an action may be brought under Section 2201 of Title 28 for a declaratory judgment concerning citizenship. Neither of these predicates applies here.

Defendant is not currently litigating an order of removal and has not sought a declaratory judgment regarding his alleged citizenship. Said differently, the issue of defendant's nationality

---

[2] The statements in the amended PSR are accurate and reflect defendant's current status with the Bureau of Immigration and Customs Enforcement as well as his claims regarding citizenship (Dkt. 334, ¶78, 335). These citizenship claims, however, have no affect on sentencing or the relevant USSG calculations.

is not procedurally before this Court.  Any questions with respect to defendant's nationality should be reserved for USCIS, an immigration judge, the Board of Immigration Appeals, or the Court of Appeals when the issue becomes ripe.  At this time, however, questions regarding defendant's citizenship should not be considered as part of defendant's sentencing or as part of the judgment and commitment order for this conviction.  This Court is not the appropriate forum for such claims.